UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CRIMINAL NO. 3:14-CR-0266-B-15 |
| | § |
| OCTAVIUS WILLIAMS, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Octavius Williams's Emergency Motion to Reduce Sentence (Doc. 2426). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

I.

BACKGROUND

Octavius Williams pleaded guilty to conspiracy to possess with intent to distribute a controlled substance. Doc 2152, J., 1. On December 18, 2017, he was sentenced to 168 months imprisonment and five years supervised release. *Id.* at 2–3. He is currently held at Seagoville Federal Correctional Institute (FCI) with a projected statutory release date of July 29, 2027.[1] As of August 18, 2020, Seagoville FCI has thirty-five active cases of COVID-19, with thirty-two cases among inmates and three among staff. As a result of a recent outbreak, FCI Seagoville also reports three inmate deaths from COVID-19 and 1,341 recovered cases.[2]

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/.

[2] The BOP's COVID-19 case website is available at https://www.bop.gov/coronavirus/.

On August 3, 2020, Williams filed his Emergency Motion to Reduce Sentence (Doc. 2426). In his motion, Williams seeks compassionate release under 18 U.S.C. § 3582(c) to "reduce his sentence to time served, or in the alternative, to modify the remaining sentence of imprisonment to home detention." Doc. 2426, Def.'s Mot., 1. He states that his "serious underlying health concerns . . . [put him] among those at highest risk of death or serious illness if he is exposed to the disease." *Id.* Williams has also supplemented his motion with letters from relatives. *See* Doc. 2428, Attach., 1–5.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

The Court finds that Williams has not exhausted his administrative remedies at the BOP. And even assuming he had, § 3582 does not warrant a sentencing reduction or compassionate release based on the merits of Williams's motion. Further, the considerations of § 3553 weigh against

-2-

Williams's release. Finally, regarding Williams's request for home confinement, the Court lacks authority to modify his sentence in this manner.

A.   *Williams Has Failed to Provide Proof of Exhaustion of Administrative Remedies.*

A defendant may bring a motion for compassionate release under § 3582(c)(1)(A) only after he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).

In this case, Williams alleges that "the timing provision [of § 3582(c)(1)(A)] has been satisfied." Doc. 2426, Def.'s Mot., 4. He notes that he "submitted a request for reduction in sentence to the warden of his facility on July 13, 2020 and was denied on July 14, 2020[.]" *Id.*

However, Williams has not exhausted all remedies with the BOP, as he has not provided proof of his appeal of the warden's July 14 denial. *See generally* Doc. 2426, Def.'s Mot. Further, Williams has not satisfied the thirty-day provision of the exhaustion requirement: his request was received by the warden on July 13, 2020, but his motion was filed with this Court only twenty-one days later on August 3, 2020. *Id.* at 1,4; *see United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020) (clarifying this Court's interpretation of the thirty-day language in § 3582(c)(1)(A)). Therefore, Williams has failed to meet the exhaustion requirement.

Due to Williams's failure to meet the exhaustion requirement under § 3582(c)(1)(A), the Court **DENIES** Williams's motion for compassionate release **WITHOUT PREJUDICE** to re-filing upon exhaustion of all administrative appeals or a thirty-day lapse from the warden's receipt of his

request.[3]

B. *Regardless of Exhaustion of Administrative Remedies, Williams's Motion Fails to Provide Extraordinary and Compelling Reasons Warranting Compassionate Release.*

Apart from the requirement to exhaust administrative remedies, Williams has not shown "extraordinary and compelling reasons" justifying compassionate release. *See* § 3582(c)(1)(A). The policy statement applicable here—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) & cmt. 1.[4] However, since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is no longer binding. *See United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020); *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019). These courts "consider[ ] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *7–8). The Court will do the same here.

---

[3] The Court recognizes that some district courts have excepted the exhaustion requirement under specific circumstances. *See United States v. Jackson*, 2020 WL 3455131, at *2 (N.D. Tex. June 5, 2020), *R. & R. adopted by* 2020 WL 3452284 (N.D. Tex. June 24, 2020) (explaining the split between district courts on whether the exhaustion requirement may be waived). But the Court need not consider the propriety of such an exception here, because as explained in the Court's discussion of the merits of Williams's motion, Williams has not shown extraordinary and compelling reasons for release.

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with" the three circumstances set for above, "[a]s determined by the Director of the [BOP]." § 1B1.13 cmt. 1(D). Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

Williams states that "he is among those with the highest risk of death or serious illness from COVID-19." Doc. 2426, Def.'s Mot., 11. "This risk," he explains, "presents an extraordinary and compelling basis for sentence reduction." *Id.*

In his motion, Williams includes statistics regarding the global pandemic and the effects of COVID-19 on general prison populations. *See id.* at 7–11. He also points out cases in which courts have granted compassionate release. *See id.* at 12–14.

However, the general circumstances of the COVID-19 pandemic do not form a basis for compassionate release. *See* § 3582(c)(1)(A). The Court recognizes the unprecedented nature of COVID-19 and understands Williams's fear of contracting the virus. Nevertheless, incarcerated individuals nationwide face Williams's same circumstances. Thus, general statistics related to COVID-19 fail to demonstrate extraordinary reasons specific to Williams. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (noting that "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements"). "[T]he mere existence of COVID-19 in society . . . cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (citation omitted).

With respect to Williams's individual circumstances, Williams claims he suffers from "dizziness and seizures as well as chronic issues resulting from a gunshot wound to the head." Doc. 2426, Def.'s Mot., 3. He also states he has been diagnosed with COVID-19 and suffers from "loss of taste and smell, headaches, body aches, hot flashes and sweats as well as increased [dizziness]." *Id.*

But Williams has not submitted any medical documentation demonstrating the existence and severity of his conditions to show how these conditions would put him at a greater individualized risk.

*See generally id.* With no medical records, the Court cannot take Williams's allegations as "extraordinary and compelling reasons" for compassionate release. § 3582(c)(1)(A).

The Court thus concludes that Williams has not shown "extraordinary and compelling reasons" for his release. *See* § 3582(c)(1)(A). Accordingly, the Court **DENIES** Williams's motion **WITHOUT PREJUDICE** to re-filing.

C. *Consideration of the § 3553(a) Factors Suggest That Compassionate Release Is Not Warranted.*

Moreover, the Court notes that before granting compassionate release under § 3582(c)(1)(A), the Court must also consider the factors of § 3553. *See* § 3582(c)(1)(A). Due to Williams's failure to show extraordinary and compelling reasons for release, the Court need not conduct a full § 3553 analysis today. Nonetheless, the Court emphasizes that § 3553(a) requires the Court to consider whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense[.]" § 3553(a)(2)(A).

In Williams's case, the Court found 168 months of imprisonment appropriate to serve these goals. *See* Doc. 2152, J., 2. Given that Williams has a projected statutory release date of July 29, 2027, he has completed approximately half of this fourteen-year sentence. The fact that Williams has served only half of his sentence may weigh against his release in a § 3553 analysis.

Thus, while the Court declines to foreclose compassionate release for Williams based on § 3553 at this time, the Court advises Williams that § 3553 could present an obstacle with respect to any future compassionate-release request.

D. *The Court Lacks the Authority to Order Home Confinement.*

In his motion, Williams also requests "a modification for the balance [of his sentence] to be served in home detention." Doc. 2426, Def.'s Mot., 1. It is within the BOP's sole discretion to place

prisoners in home confinement toward the end of their sentences under 18 U.S.C. § 3624(c)(2). *See United States v. Snead*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (citing 18 U.S.C. § 3624(c) (noting that requests for home confinement "are properly directed to the [BOP]")). Thus, this Court lacks the authority to move Williams to home confinement.

## IV.

## CONCLUSION

To the extent Williams requests compassionate release under § 3582(c)(1)(A), he has not exhausted his administrative remedies. In addition, Williams lacks extraordinary and compelling reasons for compassionate release at this time. Furthermore, this Court lacks authority to sentence Williams to home confinement. For all of these reasons, the Court **DENIES** Williams's motion (Doc. 2426) **WITHOUT PREJUDICE**.

By denying Williams's motion without prejudice, the Court permits Williams to file a subsequent motion for compassionate release in the event that he can establish: (1) that he has exhausted his administrative remedies under § 3582(c)(1)(A), and (2) that his circumstances rise to the level of extraordinary and compelling.

SO ORDERED.

SIGNED: August 20, 2020.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE